UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NL INDUSTRIES, INC.,

                Plaintiff,

                                                        **Hon. Hugh B. Scott**

            v.

                                                           10CV89A

ACF INDUSTRIES LLC, et al.,

                                                           **Order**

                Defendants.

      The instant matter before the Court are a series of motions regarding joinder of new parties in this case and the schedule for this action. This Order considers first plaintiff's motion for leave to file a Fourth Amended Complaint (Docket No. 113[1]) merely to add a new defendant; next, the Court considers the schedule for briefing defendant Gould Electronics' motion to dismiss the Third Amended Complaint (Docket No. 81) in light of the proposed Fourth Amended Complaint; finally, the Court considers the Halliburton[2] defendants' motion to reconsider vacating the Scheduling Order previously entered in this action (Docket Nos. 118, 122). These motions were argued on October 3, 2011, and the Court reserved decision on them (Docket No. 133).

---

[1] In support of this motion, plaintiff filed its attorney's declaration with exhibit (the proposed Fourth Amended Complaint), Docket No. 114.

[2] Halliburton Company and Halliburton Energy Services, collectively known herein as "Halliburton defendants".

**BACKGROUND**

This case arises under CERCLA, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601, et seq., for plaintiff NL Industries' cost recovery and/or contribution from defendants for contamination at the Buffalo Plant Superfund Site in Depew, New York (see Docket No. 114, Pl. Atty. Decl. ¶ 3). The current Third Amended Complaint names as defendants the Halliburton defendants, ACF Industries, Inc., Gould Electronics Inc., Fairbanks Morse Engine Company, and Exide Technologies (Docket No. 68). Plaintiff now seeks leave to amend the Complaint once again to add American Premier Underwriters, Inc., as a defendant, affirming that the amendment does not assert any new claims against existing defendants but only adds a successor of a former industrial operation on the Buffalo Plant Superfund Site as a defendant (Docket No. 114, Pl. Atty. Decl. ¶¶ 4, 12). Plaintiff also notes that newer defendants ACF Industries answered the Third Amended Complaint (id. ¶ 6; Docket No. 79); Halliburton defendants also answered this version of the Complaint (Docket No. 69), while the parties stipulated to extend the time for Fairbanks Morse Engine to answer (Docket Nos. 72, 73, 108, 109) and one defendant, Exide Technologies, has yet to appear.

Meanwhile, Gould Electronics moved to dismiss the Third Amended Complaint (Docket No. 81), with briefing to be completed by October 26, 2011 (see Docket No. 105; see also Docket Nos. 83, 96 (previous briefing schedules), 117 (plaintiff's response)) and oral argument scheduled for November 1, 2011 (Docket No. 105).

During this process, the Court entered an Amended Scheduling Order (Docket No. 106) in which plaintiff's expert disclosure was due by September 6, 2011, Halliburton defendants'

expert disclosure was due by October 21, 2011, and discovery was to be completed by October 30, 2011 (Docket No. 84).  In light of the recent addition of defendants and the potential addition of more, plaintiff moved to vacate this Scheduling Order (Docket No. 112).  That motion was granted (Docket No. 116) with the schedule of this case to be discussed at an October 3, 2011, conference (Docket No. 116).  The Halliburton defendants then moved for reconsideration of vacating the Scheduling Order (Docket No. 118[3]) arguing that discovery between them and plaintiff should proceed as scheduled regardless of the other defendants or new parties that may join this action.

## DISCUSSION

I.Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties or by leave of the Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires.  Granting such leave is within the sound discretion of the Court.  Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).

---

[3]In support of this motion, the Halliburton defendants submit their memorandum of law, their attorney's declaration, Docket Nos. 118, 122 (resubmission), and its proposed schedule, Docket No. 129, adhering to the present discovery deadlines in the First Amended Scheduling Order (as amended).  In opposition, plaintiff submits its memorandum, Docket No. 126, and a proposed schedule, Docket No. 128; Gould Electronics, Docket No. 130, and Fairbanks Morse Engine, Docket No. 132, each submit responses in opposition to Halliburton defendants' motion.

Plaintiff's proposed schedule was filed as a motion, Docket No. 128, and as a motion, it is **terminated**.

3

In light of the lack of opposition by existing parties (see Docket No. 133), plaintiff's motion is **granted** upon the parties' consent.  Plaintiff is to serve and file its Fourth Amended Complaint within **ten (10) days** of entry of this Order.

II.     Effect of Amended Complaint on Pending Motion to Dismiss

Ordinarily, the amendment of a pleading would render moot a motion to dismiss the original pleading.  The amended pleading supercedes the original pleading that is the subject of the pending dismissal motion, see Washer v. Bullitt, 110 U.S. 558, 562 (1884); Express Cos., Inc. v. Lifeguard Med. Solutions, LLC, No. 10CV78, 2010 U.S. Dist. LEXIS 64104 (S.D. Cal. June 24, 2010), and would render moot the pending motion to dismiss the prior pleading, see, e.g., Sanchez v. GMAC Mortgage, LLC, No. 2:09CV3341, 2010 U.S. Dist. LEXIS 12358, at *2 (E.D. Cal. 2010); Banks v. Realty Mgmt. Serv., Inc., No. 1:10CV14, 2010 U.S. Dist. LEXIS 7501, at *4-5 (E.D. Va. Jan. 29, 2010)..

Here, plaintiff states that the Fourth Amended Complaint merely adds a new defendant without changing the allegations against Gould Electronics or altering them in light of Gould Electronics' pending motion to dismiss.  For judicial efficiency and to avoid additional, needless motion practice, and given that the allegations in the Third and Fourth Amended Complaint as against Gould Electronics remain unchanged, the Court deems Gould Electronics' motion to address **plaintiff's current pleading**, that is the Fourth Amended Complaint once Gould Electronics is served with that pleading.  If Gould Electronics, following service, wishes to supplement its motion to address new or changed allegations in the Fourth Amended Complaint, it may do so by **November 21, 2011**.  If so supplemented, the Court will give plaintiff may response to the supplemented motion by **December 2, 2011**.  Any reply by Gould Electronics to

this motion (supplement or not) now shall be due by **December 9, 2011**, and argument of this motion shall be held on **Tuesday, December 13, 2011, at 11 am**, at the U.S. Courthouse, 2 Niagara Square, Buffalo, New York, before the undersigned.

III.    Halliburton Defendants' Motion to Reconsider Vacating the Scheduling Order

The Halliburton defendants argue that they would be prejudiced by an extension of time for discovery. During oral argument, they contented that plaintiff, if granted this extension, would enhance its "weak" expert disclosure report. Since eight and a half months of discovery has been conducted by plaintiff and the Halliburton defendants, the Halliburton defendants conclude that no further extension should be granted. Plaintiff sought this extension because new parties were joined or shortly will join this action. Responding co-defendants also note their need for additional time to conduct discovery and that discovery for the entire case should be handled at once rather than piecemeal by party (Docket No. 130, Gould Electronics Response at 3-4; Docket No. 132, Fairbanks Morse Engine Response ).

The Halliburton defendants do not argue the basis for this Court to reconsider its Order vacating the Scheduling Order, cf. Fed. R. Civ. P. 60(b). Even if any of the grounds listed in Rule 60(b) are applicable, this Court **declines** to grant their motion. The effect of the Halliburton defendants' motion would be to create two schedules in this action, the discovery timing between plaintiff and the Halliburton defendants and the discovery between the other parties (including the Halliburton defendants). With the various counterclaims exchanged in this action (see Docket Nos. 69 (Halliburton defendants), 79 (ACF Industries)) as well as plaintiff's amended claims and the newly named defendant, the schedule in this action was bound to be altered. The Halliburton defendants fail to justify why their discovery should go on a separate track than every

5

other party.  Merely because they were the first defendants in this action does not justify a separate schedule for them.  They only assert that plaintiff may change its expert disclosure if more time is granted them.  But discovery from these other parties may require that plaintiff's expert disclosure change, regardless of the merits of plaintiff's claims or the quality of plaintiff's present expert disclosure.  Creating two sets of schedules is not the remedy for plaintiff attempting to clarify any difficulties it may have with its expert disclosure.

Thus, the Halliburton defendants' motion to reconsider vacating the Scheduling Order (Docket No. 122) is **denied**; the earlier version of this motion (Docket No. 118) is **terminated**.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file a Fourth Amended Complaint (Docket No. 113) is **granted**; plaintiff is to serve and file its Fourth Amended Complaint within **ten (10) days** of entry of this Order.

Defendant Gould Electronics' motion to dismiss (Docket No. 81) is deemed to address plaintiff's Fourth Amended Complaint once it is served upon Gould Electronics.  If Gould Electronics wishes to supplement its motion due to the allegations in the Fourth Amended Complaint, it shall do so by **November 21, 2011**; plaintiff's response to any supplemented motion is due by **December 2, 2011**; Gould Electronics' time to reply is due on or before **December 9, 2011**; and oral argument shall be held on **Tuesday, December 13, 2011, at 11 am**, at U.S. Courthouse, 2 Niagara Square, Buffalo, New York, before the undersigned.

The Halliburton defendants' motion (Docket No. 122; see Docket No. 118) to reconsider vacating the Scheduling Order is **denied** (and the earlier version of this motion, Docket No. 118, is **terminated**).

Following disposition of Gould Electronics' motion to dismiss, the Court will issue an Amended Schedule applicable to all remaining parties. Plaintiff's "motion" proposing an amended Scheduling Order (Docket No. 128) is **terminated**.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
October 19, 2011