UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NL INDUSTRIES, INC.,

                      Plaintiff,

                                    **Hon. Hugh B. Scott**

               v.

                                       10CV89A

                                         **Report**
                                          **&**
ACF INDUSTRIES,                           **Recommendation**
GOULD ELECTRONICS, INC., et al.,

                      Defendants.
_____

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 50). The instant matter before the Court is defendant Gould Electronics, Inc.'s ("Gould") motion (Docket No. 81) to dismiss the Third Amended Complaint (Docket No. 68). This Court later granted plaintiff leave to amend this Complaint yet again (Docket No. 136, Fourth Amended Complaint (naming an additional defendant)) without changing the allegations against Gould. The amended pleading supercedes the original pleading that is the subject of the pending dismissal motion, see Washer v. Bullitt, 110 U.S. 558, 562 (1884); Express Cos., Inc. v. Lifeguard Med. Solutions, LLC, No. 10CV78, 2010 U.S. Dist. LEXIS 64104 (S.D. Cal. June 24, 2010). Ordinarily, that would moot out the pending motion. But since the new allegations are not changed as against Gould, Gould's present motion is deemed to be against the new Fourth Amended Complaint (Docket No. 135, Order of Oct. 19, 2011, at 4-5).

Responses to this motion initially were due by August 17, 2011, with replies by August 31, 2011, and argument set for September 7, 2011 (Docket No. 83). Through various stipulations and requests (Docket Nos. 95, 103), a status conference held on October 3, 2011 (Docket No. 133), and the Order granting plaintiff leave to file the Fourth Amended Complaint (Docket No. 135), this schedule has been extended, with responses ultimately due by December 2, 2011, and replies by December 9, 2011 (Docket No. 135). Argument then was rescheduled for December 13, 2011 (id.) but was canceled due to the Court's calendar (Docket No. 143). This Court then ordered further briefing on the impact of the United States Court of Appeals' decision in State of New York v. Solvent Chemical Co., No. 10-2026-cv (2d Cir. Dec. 19, 2011), rev'g in part, State of N.Y. v. Solvent Chemical Co., 685 F. Supp. 2d 357 (W.D.N.Y. 2010) (Curtin, J.), on this case, with those documents due by January 6, 2012, and argument finally held on January 20, 2012 (Docket No. 146; see Docket Nos. 145, 144). Following argument, the motion was deemed submitted (Docket No. 149 (minutes)).

## BACKGROUND

This is a CERCLA[1] action for plaintiff NL Industries' cost recovery and/or contribution from defendants for contamination at the Buffalo Plant Superfund Site in Depew, New York ("Superfund Site") (see Docket No. 114, Pl. Atty. Decl. ¶ 3; see generally Docket No. 136, Fourth Am. Compl.). The original Complaint was against defendants ACF Industries LLC, Halliburton Company, and Exide Technologies (Docket No. 1) and was filed on or about February 3, 2010. Plaintiff then amended this pleading, naming the same defendants (Docket

---

[1] The Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601, et seq.

No. 7) on June 14, 2010.  The parties stipulated to filing a Second Amended Complaint to add parties (Docket No. 56, Stipulation; see Docket No. 58, Order granting leave to amend), and plaintiff filed that amended pleading on February 11, 2011 (Docket No. 57), naming as defendants Exide Technologies, Halliburton Company, Fairbanks Morse Engine Company, and movant Gould (id.).  Gould claims that it was not served with this amended pleading (Docket No. 81, Gould Memo. at 3 n.4; Docket No. 81, Gould Atty. Decl. ¶ 3, Ex. B (waiver of service form for Third Amended Complaint).  On March 30, 2011 (and before Gould answered or moved), Plaintiff then moved for leave to file a Third Amended Complaint (Docket No. 62).  Some of the parties[2] stipulated again for leave to amend (Docket No. 65; see Docket No. 66, Order granting leave).

The Third Amended Complaint named as defendants the Halliburton defendants, ACF Industries, Inc., Gould, Fairbanks Morse Engine Company, and Exide Technologies (Docket No. 68).  This pleading was filed on May 12, 2011 (id.).

Plaintiff once again sought leave to amend the Complaint, this time to add American Premier Underwriters, Inc., as a defendant, affirming that the amendment did not assert any new claims against existing defendants but only added a successor of a former industrial operation on the Superfund Site as a defendant (Docket No. 114, Pl. Atty. Decl. ¶¶ 4, 12).  Plaintiff, in that motion for leave to amend, also noted that newer defendants ACF Industries answered the Third Amended Complaint (id. ¶ 6; Docket No. 79); Halliburton defendants also answered this version

---

[2]Plaintiff and Halliburton Company and Halliburton Energy Services.  Halliburton Company and Halliburton Energy Services hereinafter collectively known herein as "Halliburton defendants".

Case 1:10-cv-00089-EAW-HBS   Document 154   Filed 02/15/12   Page 4 of 16

of the Complaint (Docket No. 69[3]), while the parties stipulated to extend the time for Fairbanks Morse Engine to answer (Docket Nos. 72, 73, 108, 109) and one defendant, Exide Technologies, has yet to formally appear. The latest stipulation (Docket No. 138; see Docket No. 141 (so ordering Stipulation)) provides that new parties are to answer as provided in the Federal Rules of Civil Procedure and defendants who have appeared under prior pleadings need not plead as to the Fourth Amended Complaint (Docket No. 138[4]).

*Fourth Amended Complaint*

Defendants are the former owners of (or successors in interest in) properties in or near the Superfund Site (see Docket No. 136, Fourth Am. Compl. ¶¶ 2-7, 15). In September 2004, plaintiff signed an Administrative Order on Consent agreeing to conduct specific response activities at the Superfund Site, to abate imminent and substantial endangerment to the public health and welfare or to the environment which might be present by the presence of hazardous substances in a residential neighborhood, all under the supervision of the United States Environmental Protection Agency ("EPA") (id. ¶¶ 12, 13). Plaintiff completed the work in Phase I in 2007 and incurred "significant response costs" (id. ¶ 14). Plaintiff alleges that defendants (or their predecessors) contributed to the contamination of the Phase I Site of the Superfund Site (id. ¶ 16).

---

[3]Halliburton defendants later answered the Fourth Amended Complaint (Docket No. 140; see also Docket No. 139 (same, with ECF signature issue)).

[4]Certain parties later entered into a further Stipulation regarding when American Premier Underwriters would answer the Fourth Amended Complaint, Docket No. 150; see Docket No. 151, Order adopting Stipulation.

The EPA investigated further and detected additional contamination on additional properties that required response activities, in the Phase II Site and identified other potentially responsible parties (or "PRPs") as sources of lead contamination in Depew (id. ¶ 17). Plaintiff does not allege the metes and bounds of either Phase I or Phase II sites. The EPA identified defendants as PRPs for the Phase II Site (id. ¶ 18). Gould, through its predecessor, like the Halliburton defendants and Exide Technologies, operated a steel plant and foundry that produced railroad car couplers and operated a storage battery works plan that produced lead-acid batteries (id. ¶¶ 20, 5). Plaintiff alleges that Gould's activities (among others', past and present) produced waste containing lead and other hazardous substances which caused or contributed to the contamination of the Superfund Site (id. ¶ 20), not merely alleging a particular Phase site. Plaintiff does not expressly allege that the EPA will seek to recoup past and future recovery costs for Phase II from it.

Plaintiff alleges four causes of action seeking cost recovery, a declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and under CERCLA, 42 U.S.C. § 9613(g)(2)) of the rights of the respective parties, and state law claims for contribution and indemnification (Docket No. 136, Fourth Amended Compl.). In particular, plaintiff sought a declaration that defendants are liable for all past and future response costs incurred or to be incurred by plaintiff in connection with the Superfund Site (id. ¶ 37, "Wherefore" clause a.).

*Gould's Motion to Dismiss*

Meanwhile, Gould filed the pending motion to dismiss the then-current Third Amended Complaint (Docket No. 81). Gould argues that Count I seeking cost recovery is time barred under CERCLA's three-year statute of limitations, 42 U.S.C. § 9607 (Docket No. 81, Def.

Memo. at 5-6), while Count II fails to state a cause of action because any declaration of liability is premature since plaintiff has not conducted a response action and is not involved in Phase II Site remediation (id. at 6-8). Further, such an action depends upon the EPA, a non-party in this action, taking final action on the Phase II Site (id. at 8-11). Gould next contends that Counts III and IV, the state law indemnification and contribution claims, fail to state claims because plaintiff has not identified any legal duty of Gould to indemnify plaintiff or contribute to any tort damage award (id. at 11-15, 16-17, 17-18 (no duty of care breached)) or is not applicable to this remediation claim (id. at 19-20; see Docket No. 81, Def. Atty. Decl., Ex. C, Rochester Gas and Elec. v. GPU, Inc., No. 00CV6369, No. 198, Order of Sept. 25, 2006 (Feldman, Mag. J.)). Finally, Gould argues that CERCLA preempts the state contribution claim (Docket No. 81, Def. Memo. at 20-21).

Plaintiff responds that its CERCLA § 107, 42 U.S.C. § 9607, claim is timely since the statute of limitations does not expire until three years after completion of the removal action, id. § 6913(g)(2)(A) (Docket No. 117, Pl. Memo. at 6-7). Plaintiff alleges that it incurred costs in conducting response activities and those ended for the Phase I Site on February 2007 (id. at 7), arguing that its cause of action is not tied to the February 2007 completion date, is not time barred, and that the EPA's activities at the Phase II Site was the same removal action as started at the Phase I Site (id. at 9-11). Plaintiff next contends that Count II states a claim for declaratory relief since plaintiff did incur costs (in Phase I) and will continue to incur costs in Phase II and subsequent phases (id. at 11-13). Plaintiff argues that this declaratory judgment claim is ripe, as was held by this Court when the Halliburton defendants raised a similar argument (id. at 15; see Docket No. 47, Order of Nov. 2, 2010, at 5, 11-12 (Arcara, J.)) and this decision should be law of

6

the case here (Docket No. 117, Pl. Memo. at 15).  Plaintiff next concludes that it properly pled common law indemnification (id. at 17-21) and contribution (id. at 21-25) claims, denying that CERCLA preempts its indemnification claim (id. at 19-21).

In reply, Gould argues that plaintiff is "bootstrap[ping] its mature claim to the immature claim of a different party (EPA) performing a separate cleanup" (Docket No. 142, Def. Reply Memo. at 1).  As for Count II, Gould contends that plaintiff fails to state a claim because plaintiff is not conducting a response action (id. at 6-7).

## DISCUSSION

I.   Motion to Dismiss Standard

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As

recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 129 S.Ct. at 1949 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

II.     CERCLA Statute of Limitations

Pertinent to this action (see Docket No. 117, Pl. Memo. at 6 n.1, noting that Gould acknowledges that a 6-year exception for a waiver under 42 U.S.C. § 9604(c)(1)(C) does not

apply), under CERCLA an initial action for recovery of costs for a § 107 claim is within three years of completion of the removal action, 42 U.S.C. § 9613(g)(2)(A).

The issue here (pertinent to Counts I and II) is whether the response activities in the Phase II Site are separate from the activities in the Phase I Site or part of an overall clean up; that is, whether there was one clean up, over multiple phases, or a series of clean up activities. This issue applies to the statute of limitations and declaratory judgment arguments raised by Gould.

Gould argues that the Phase I work was completed in February 2007, and some defendants were sued in February 2010 before the statute of limitations expired, but the pleading was amended to add Gould in 2011 (Docket No. 81, Gould Memo. at 5-6; see Docket No. 57, [Second] Am. Compl.). Plaintiff argues that it did not allege that the removal action was completed in February 2007, rather it alleges that it incurred significant response costs at the Phase I Site and completed that work in February 2007 (Docket No. 117, Pl. Memo. at 7; see Docket No. 136, 4th Am. Compl. ¶ 14; Docket No. 68, 3rd Am. Compl. ¶ 13), implying that Phase I is only part of a larger remediation. Gould replies that plaintiff merely attempts to bootstrap its untimely claims (as against Gould) from Phase I with work performed solely by the EPA in the ongoing Phase II remediation (Docket No. 142, Gould Reply Memo. at 1). Gould distinguishes the argument plaintiff raises from the cases it cited (cf. Docket No. 117, Pl. Memo. at 7-9) because they involve "a series of interrelated remedial activities performed by the same party, generally in an effort to trigger the statute of limitations sometime before that party had completed its removal work (Docket No. 142, Gould Reply Memo. at 1-2 (citing cases)).

For example, the district court in the Northern District of New York found that, "regardless of the number of operating units at a site, there can be only one remedial action for

9

any given facility," New York State Elec. & Gas Corp. v. FirstEnergy Corp., Civ. A. No. 3:03-CV-0438, 2011 WL 3471079, at *882 (N.D.N.Y. July 11, 2011). What is unclear from the Amended Complaint in this case is what constituted the "facility" and what was the site involved. In the moving papers from Gould, the area of Phases I and II were described, with Phase I being property west of Transit Road in Depew between Harvard and Walden Avenues, while Phase II were properties to the northeast of the Phase I site (see Docket No. 117, Pl. Atty. Cert., Exs. A, E, F). The Fourth Amended Complaint only alleges that plaintiff signed an Administrative Order of Consent to clean the Phase I Site (not described in that pleading) (Docket No. 136, 4th Am. Compl. ¶ 12) while the EPA later investigated and found further sites requiring response (the Phase II Site, again not described therein) (id. ¶ 17) and the EPA then commenced response activities there (id. ¶ 19), without incorporating any documents by reference or attachment to that pleading. Plaintiff's exhibits, however, indicate that the EPA detected lead contamination during the Phase I remediation at the Phase II Site and proposed a separate AOC for the Phase II Site (Docket No. 117, Pl. Atty. Cert., Exs. E, F).

On a motion to dismiss (as opposed to a motion for summary judgment), the amended pleadings alone are the basis for determining whether a claim has been stated and the facts alleged therein must be presumed to be true. On this basis, Gould's motion to dismiss should be **denied** as plaintiff can prove a set of facts to support its claim that Count I is timely based upon a remediation done in series rather than separate remediation activities upon distinct sites.

III.   Declaratory Judgment

Similarly, for this claim, the issue is whether the work at Phase I and Phase II should be considered one or two distinct activities. Gould argues that plaintiff has not engaged in removal

10

activities at the Phase II Site and is prematurely seeking a declaratory judgment that would involve a non-party, the EPA (Docket No. 148, Gould Memo. at 3-4). Plaintiff, however, contends that <u>Solvent Chemicals</u> supports its claim for declaratory relief, to establish which party is liable for future incurred expenses (Docket No. 147, Pl. Supp'al Brief at 1).

The Second Circuit in <u>Solvent Chemicals</u> reversed the denial of declaratory relief in a CERCLA action, where plaintiff sought a declaration as to the defendants' liability, <u>New York v. Solvent Chems.</u>, No. 10-2026-cv(L), 2011 U.S. App. LEXIS 25141 (2d Cir. Dec. 19, 2011). While avoiding the question of whether declaratory judgment arises under CERCLA, 42 U.S.C. § 9613(g)(2), and finding that authority existed for that relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Second Circuit applied factors for the general Declaratory Judgment Act for that relief, concluding that such a judgment there would serve a useful purpose, <u>Solvent Chem.</u>, <u>supra</u>, 2011 U.S. App. LEXIS 25141, at *6-7, 9-12.

Here, the only alleged expenditure of costs to plaintiff arose in Phase I. Phase II has costs incurred by the EPA without any indication in the pleadings that the EPA would seek contribution from plaintiff (<u>cf.</u> Docket No. 136, Fourth Am. Compl. ¶¶ 17-19). As alleged, plaintiff may state <u>the EPA's</u> claim against defendants, but it is not clear that it alleges that <u>plaintiff itself</u> would or has a claim against defendants for Phase II work. Plaintiff seeks a declaration of its rights with defendants, arguing that defendants are "obligated to reimburse NL for its contributory share of past, current and future costs for response actions at the Site" (<u>id.</u> ¶ 35). However, plaintiff only alleges that it incurred costs for Phase I work without even alleging that it would be required to perform future work in Phase II or that plaintiff had incurred costs or had reimbursed the EPA for that agency's clean up at the Phase II Site.

11

Plaintiff argues that the EPA has repeatedly requested plaintiff to perform remediation at the Phase II Site and has demanded reimbursement for EPA's efforts in remediation (Docket No. 117, Pl. Memo. at 16; Pl. Atty. Cert. Ex. C). These documents are not cited or incorporated in the amended Complaint. The absence of this allegation (expressly or by incorporated reference) does not provide a "useful purpose," Solvent Chem., supra, 2011 U.S. App. 25141, at *10, for a declaratory judgment. Thus, Gould's motion to dismiss Count II of the Fourth Amended Complaint **should be granted**.

III.   State Law Claims

Gould next argues that the state law claims in Counts III and IV are either preempted by CERCLA or not applicable as matters of state law.

   A.   Indemnification and Preemption

Gould argues that, as for Count III, plaintiff has not alleged a duty that would require Gould to indemnify plaintiff (Docket No. 81, Gould Memo. at 11-13). Furthermore, CERCLA preempts state law indemnification claims (id. at 14-15), and preemption applies here because of defendants' counterclaims asserted under CERCLA making plaintiff's claim a CERCLA apportionment claim (Docket No. 142, Gould Reply Memo. at 12-13). Plaintiff seeks to recover in Count III for its costs incurred in the CERCLA clean up, costs sought in Count I (id. at 13).

In enacting CERCLA, Congress intended a single mechanism for apportioning responsibility among PRPs, Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 138 (2d Cir. 2010) (Docket No. 81, Gould Memo. at 14), hence common law indemnification under state law is preempted, id. at 139; Bedford Affiliates v. Sills, 156 F.3d 416, 427 (2d Cir. 1998) (id.). Here, as this case evolves, at issue is not merely plaintiff's

12

contribution claim, which was held (Docket No. 47, Order) to not preempt a state law indemnification claim absent a CERCLA § 113 claim, but also defendants' contribution counterclaims under CERCLA § 107, which, when combined with § 113 claims, yields equitable apportionment under § 113 (Docket No. 142, Gould Reply Memo. at 13). Thus, Gould's motion to dismiss Count III on preemption grounds (Docket No. 81) should be **granted**. Given federal preemption found here, this Court does not address whether plaintiff alleges an indemnification claim under New York law.

    B.    Contribution

As for Count IV, Gould contends that plaintiff is trying to fit a "'square peg' of voluntarily-incurred federal response costs into the 'round hole' of a state contribution law intended only to apportion judgments for tort damages arising from injuries to people and property," (Docket No. 81, Gould Memo. at 16). Gould also argues that CERCLA preempts state contribution law (id. at 20), see Niagara Mohawk, supra, 596 F.3d at 138-39; CERCLA, 42 U.S.C. § 9613(f)(3)(C) ("Any contribution action brought under this paragraph shall be governed by Federal law"). With counterclaims under § 107 combined with claims under § 113, CERCLA preempts state law contribution claims (id. at 20). Plaintiff responds that the preemption argument was addressed by this Court earlier in rejecting the Halliburton defendants' motion (Docket No. 117, Pl. Memo. at 24; cf. Docket No. 47, Order). Gould replies that courts have held that state law contribution claims are preempted under § 107 (Docket No. 142, Gould Reply Memo. at 15 & n.30 (citing cases)).

As found by Judge Skretny in W.R. Grace & Co. v. Zotos Int'l, Inc., No. 98CV8385, 2005 U.S. Dist. LEXIS 8755, at *30-31 (W.D.N.Y. May 3, 2005), "in general, the source of a

13

state law contribution claim must be an obligation imposed by state, rather than federal, law" (citing LNC Invs., Inc. v. First Fidelity Bank, 935 F. Supp. 1333, 1349 (S.D.N.Y. 1996); see Norwest Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77, 97 n.38 (1981)). He pointed out that CERCLA was amended to "expressly set forth the scope of a private party's contribution rights," 2005 U.S. Dist. LEXIS 8755, at *31, creating "a comprehensive remedial scheme which provides for contribution in specific circumstances," id. at *32, that "'strongly counsels against judicially engrafting additional remedies,'" id. (quoting Herman v. RST Security Servs., Inc., 172 F.3d 132, 144 (2d Cir. 1999)).

Thus, as with the indemnification Count III and it being preempted by CERCLA, plaintiff's contribution claim of Count IV is also preempted (Docket No. 142, Gould Reply Memo. at15); Gould's motion to dismiss Count IV on preemption grounds should be **granted**. Again, given the disposition of preemption grounds, this Court had not considered whether plaintiff has alleged a valid state contribution claim.

## CONCLUSION

Based upon the above, it is recommended that defendant Gould Electronics, Inc.'s motion (Docket No. 81) to dismiss the Third Amended Complaint (Docket No. 68), now applied to the current Fourth Amended Complaint (Docket No. 136) be **granted in part, denied in part**; in particular, Count I of the Complaint **should not be dismissed**, Count II of the Complaint **should be dismissed**, Counts III and IV **should be dismissed**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                                                                                 */s/ Hugh B. Scott*

                                                                                                       Hon. Hugh B. Scott
                                                                             United States Magistrate Judge

Dated: Buffalo, New York
           February 15, 2012